**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ANDREW DOMINIC ROBINSON
ADC #652013                                                                                    PLAINTIFF

V.                                    5:10CV00324 DPM/JTR

BRIAN PERKINS,
Sergeant, Varner Super Max Unit                                                  DEFENDANT

**ORDER**

On August 8, 2011, Plaintiff, Andrew Dominic Robinson, filed a Motion to Compel asserting that Defendant Brian Perkins failed to respond to his July 3, 2011 Interrogatories. *See* docket entry #17. As of the date of this Order, Defendant has not filed a Response to that Motion, and the time for doing so has expired.[1]

Accordingly, the Motion to Compel is granted, and Defendant will be given fourteen days to file his Answers to Plaintiff's July 3, 2011 Interrogatories. *See* Local Rule 7.2(f) (providing that: "The failure to timely respond to any nondispositive motion . . . shall be an adequate basis, without more, for granting the relief sought in

---

[1] Defendant's Response to the Motion to Compel was due on or before August 25, 2011. *See* Local Rule 7.2(b) (providing that a party shall file a response to a motion within fourteen days); Fed. R. Civ. P. 6(d)(providing that a party shall have three extra days to file a response when the motion was served by mail).

said motion").

Plaintiff also requests an award of $100 for the "reasonable expenses" he allegedly incurred filing his Motion to Compel. However, Plaintiff, who is proceeding *pro se,* has not provided the Court with evidence substantiating his claim that he incurred any expenses in preparing or filing his handwritten Motion. Additionally, Fed. R. Civ. P. 37(a)(5)(A)(i) provides that a court should not award expenses when the "movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action." Plaintiff's Motion to Compel does *not* contain a statement indicating that he attempted, in good faith, to resolve this discovery dispute without court intervention. *See also* Local Rule 7.2(g) (providing that a motion to compel "shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreement without intervention of the Court"). Accordingly, Plaintiff's request for $100 in costs is denied.

      IT IS THEREFORE ORDERED THAT;

      1.    Plaintiff's Motion to Compel (docket entry #17) is: (a) GRANTED IN PART, such that Defendant Perkins shall file, **on or before September 13, 2011**, his Answers to Plaintiff's July 3, 2011Interrogatories; and (b) DENIED in all other respects.

Dated this <u>30th</u> day of August, 2011.

                                                 _____
                                                 UNITED STATES MAGISTRATE JUDGE